IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEAN BERTON SAINT-FLEUR,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO. 4:10-cv-457-MP-GRJ

WARDEN LANE, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate serving a sentence in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983.  Doc. 1.  Plaintiff claims he was subjected to an alleged use of excessive force while he was incarcerated at Jefferson Correctional Institution.  The case is before the Court for initial screening pursuant to 28 U.S.C § 1915A.  For the reasons discussed below, it is respectfully **RECOMMENDED** that Plaintiff's Complaint (Doc. 1) be dismissed for abuse of the judicial process.

    Plaintiff executed the civil rights complaint form under penalty of perjury.  Doc. 1 at 10.   Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits.  *Id*. at 5.  Section IV. B. requires prisoners to disclose whether they have initiated actions in federal court "dealing with the same or similar facts involved in this action or otherwise relating to [the plaintiff's] imprisonment or conditions thereof."  Plaintiff checked "yes," and identified one prior case: *Saint Fleur v. Archie Brights, et al*, Case No. 8:03-cv-824 (M.D. Fla.).  Plaintiff

represented that the case concerned a discrimination claim, and that the case "was dismissed, appealed and remanded in full by the Eleventh Circuit but Plaintiff was unable to continue prosecution." *Id.* at 5.

Section IV. D. of the complaint form requires prisoners to disclose whether they have "initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted," and if so to identify each case and its disposition. Plaintiff responded "not applicable." *Id*. at 5-6.

A review of the Court's PACER Case Locator reflects that the one case identified by Plaintiff did not terminate in the manner described by Plaintiff in the instant Complaint. The docket for that case reflects that it was dismissed for failure to pay the filing fee; Plaintiff appealed and the case was reinstated after the district court notified the Court of Appeals that the filing fee had been paid. The case was dismissed again for failure to prosecute because Plaintiff failed to complete the service forms, but was reopened on Plaintiff's motion to alter or amend the judgment. The court directed service on the Defendants, who filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted because Plaintiff failed to comply with the administrative exhaustion requirement of 42 U.S.C § 1997e. Plaintiff opposed the motion to dismiss, but the district court granted the motion and dismissed the case for failure to state a claim upon which relief may be granted. *Saint Fleur v. Archie Brights, et al*, Case No. 8:03-cv-824, Doc. 40 (M.D. Fla. June 4, 2007). Plaintiff did not appeal.

Thus, in the instant Complaint, Plaintiff both misstated the disposition of this case in Section IV C, and failed to truthfully respond in Section IV D regarding whether

previous cases were dismissed for failure to state a claim.

The Court's PACER review also reflects that Plaintiff filed a prisoner civil rights case that he wholly failed to disclose in the instant Complaint. That case was dismissed by the district court upon initial screening for failure to exhaust administrative remedies. *See Saint-Fleur v. Fla. Dept. of Corr.*, Case No. 8:99-cv-2097, Doc. 2 (M.D. Fla. Sept. 22, 1999).

Rather than simply recommending the dismissal of this case for abuse of the judicial process the Court issued an Order to Show Cause on April 8, 2011 ordering Plaintiff to show cause on or before April 22, 2011 why his case should not be dismissed for abuse of the judicial process. Plaintiff filed a response to the show cause order after the Court's deadline had passed. (Doc. 20). In Plaintiff's response, filed April 27, 2011, he cited the passage of time, lack of access to technology that other litigators have for record keeping, and that because he is in the Department of Corrections and subject to searches, "there is no possibility of keeping as precise of records as that of this court." (Doc. 20).

The Court is not persuaded that Plaintiff's lack of candor should be excused. In the instant Complaint, Plaintiff both misstated the disposition of this case in Section IV C, and failed to truthfully respond in Section IV D regarding whether previous cases were dismissed for failure to state a claim. The Court's PACER review also reflects that Plaintiff filed a prisoner civil rights case that he wholly failed to disclose in the instant Complaint.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's

prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4;

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 4:10-cv-457-MP-GRJ*

*Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Accordingly, for the foregoing reasons, it is **RECOMMENDED**:

1. This cause should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915A.

2. The dismissal of this case should count as a strike pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS** this 11th day of August 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**